UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DOMINIC REED
ADC #171214                                                                                      PLAINTIFF

V.                              4:18CV00782 SWW/JTR

CHARLES E. CLAWSON, JR.,
Judge, Faulkner County Circuit
Court                                                                                            DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Introduction

Plaintiff Dominic Reed ("Reed") is in custody at the Faulkner County Detention Center. He filed this *pro se* § 1983 action alleging that Faulkner County

Circuit Court Judge Charles E. Clawson, Jr. ("Judge Clawson") violated his rights. The Court must screen Reed's allegations.[1]

## II. Discussion

Reed explains that initially he was denied bond and never given another opportunity to pursue bond. *Doc. 2*. He alleges that when his lawyer raised the issue of bond after a couple of court dates, Judge Clawson responded that bond could be discussed at a later time. *Id*. at 4. Reed, however, then pled guilty to the offense for which he was in custody without bond having been considered again. *Id*. He maintains that Judge Clawson violated his rights by denying him the opportunity for bond. *Id*. at 4-5. Reed also maintains that he pled guilty without having enough time to discuss his case with his attorney. *Id*. Reed sued Judge Clawson in his official capacity only for these alleged violations of his federally-protected rights. *Id*. at 2. He seeks damages. *Doc. 2*, at 5.

Reed sued Judge Clawson under 42 U.S.C. § 1983, but his claims are barred be Eleventh Amendment immunity. Section 1983 provides for a cause of action

---

[1]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

against a person acting under color of state law who deprives another of a federally-protected right. 42 U.S.C. § 1983. Reed's official-capacity claims against Judge Clawson fail because they are the equivalent of claims against the State of Arkansas. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity [however] are 'persons' under § 1983." *Id*. Because Judge Clawson is an official of the State of Arkansas, he is not a "person" in his official capacity for the purposes of section 1983. Accordingly, Reed's claims against Judge Clawson should be dismissed.[2]

Reed challenges his guilty plea by asserting that he did not have enough time to discuss the case with his attorney before he pled guilty. The United States Supreme Court has held that if a judgment in favor of a prisoner in a section 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged or called into question by issuance of a federal writ of *habeas corpus*. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Reed's allegations, if established, would imply the invalidity of his conviction, and there is no indication that the conviction was ever reversed, expunged, or called into question

---

[2] If Reed had sued Judge Clawson in his personal capacity, those claims would be barred by judicial immunity, as Judge Clawson's challenged actions were judicial in nature and Reed did not allege complete lack of jurisdiction. *Mireless v. Waco*, 502 U.S. 9, 11-12 (1991).

by issuance of a federal writ of *habeas corpus*. Accordingly, to the extent Reed challenges his guilty plea, his claim is *Heck* barred.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Reed's complaint be DISMISSED, WITH PREJUDICE, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because he seeks monetary relief against a defendant who is immune from suit; and

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 24th day of October, 2018.

_____
UNITED STATES MAGISTRATE JUDGE